1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDRE HOSKINS,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES GOVERNMENT AND<br>ITS FEDERAL COMMUNICATIONS<br>COMMISSION, *et al.*,<br><br>        Defendants. | Case No. C16-1055RSM<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION TO AMEND COMPLAINT<br>AND DEFENDANTS' MOTIONS TO<br>DISMISS |

## I.      INTRODUCTION

This matter comes before the Court on *pro se* Plaintiff Andre Hoskins' Motion to Amend Complaint, Dkt. #9, and multiple Motions to Dismiss under Rule 12(b)(6) filed by: Defendants CenturyLink Inc. and Qwest Communications International Inc. ("Qwest"), Dkt. #16;  Defendant City of Seattle, Dkt. #23; Defendants Liberty Mutual Insurance Company and Safeco Insurance, Dkt. #30; Defendant Port of Seattle, Dkt. #36; and Defendants Madison Marquette and Pacific Place, Dkt. #41.[1]  For the reasons set forth below, the Court agrees with

---

[1] The Court acknowledges that the Motion to Dismiss filed by Defendants Madison Marquette and Pacific Place, Dkt. #41, is not noted for consideration until November 4, 2016.  However, because Mr. Hoskins has filed a Response, the Court can consider this Motion prior to the noting date without prejudice to Plaintiff.

1    Defendants that Plaintiff's claims should be dismissed with prejudice based on Plaintiff's

2    Complaint and proposed Amended Complaint and GRANTS the above Motions.

3

## II.      BACKGROUND[2]

4

5       Plaintiff Andre Hoskins brings this action against the Federal Communications

6    Commission ("FCC"), Secretary of State John Kerry, Pacific Place, Madison Marquette,

7    Qwest, CenturyLink, Safeco Insurance, Liberty Mutual Insurance, the City of Seattle, the Port

8    of Seattle, Points of Light, "John Does 1-1000+," and the individuals James W. Parson,

9    Kathleen Parson, Linda Lacey, Harold Michael Lacey, Bart Vandenburg, Amy Vandenburg,

10    Larry Sagen, Tony Audino, and Michelle Audino. Dkt. #1 at 1-2. In his 88-page Complaint,

11    Mr. Hoskins brings claims for or under: Copyright Infringement, Contributory Copyright

12    Infringement, Violation of the Racketeer Influenced and Corrupt Organization ("RICO") Act,

13    42 U.S.C. §1983, Federal Tort Claim Act, the Telecommunication Act of 1934 and Truth in

14    Caller Identification Act of 2010, Conspiracy under 42 U.S.C. §1985, and the American with

15    Disabilities Act ("ADA"), *Id.* at 50-87. Mr. Hoskins asks for, *inter alia,* an award of damages

16    in excess of $17 million. *Id.* at 87; Dkt. #9-1 at 4.

17

18       Mr. Hoskins' wide-ranging and rambling Complaint attempts to bring together several

19    ostensibly unrelated events in his life over the past three decades where he was wronged by

20    Defendants. Mr. Hoskins' copyright claims revolve around a project from the 1990s known as

21    "Parallel Pathways." *See* Dkt. #1 at 3. Parallel Pathways "was a unique children tile project."

22    *Id*. Mr. Hoskins brings Federal Tort Claims against the United States based on "the historical

23    Oregon civil federal case CV97-323AS…" *Id*. at 4-5. Mr. Hoskins alleges that he "was being

24    bombarded with spoofing threats, spoofing scenarios and spoofing harassments by Defendants

25

26

27

28

---

[2] The following background facts are taken from Plaintiff's Complaint, Dkt. #1, and Proposed Amended Complaint, Dkt. #9-1, and accepted as true for purposes of ruling on these Motions to Dismiss.

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DEFENDANTS' MOTIONS TO DISMISS - 2

Qwest, Linda Lacey, John Doe, TSC and Bart Vandenburg during the entire period between January 1994 – February 1997" and that his company was "destroyed by the negligence of the defendants in the spoofing assaults…"  *Id*. at 23.  Mr. Hoskins alleges that Defendants Larry Sagen, Pacific Place, City of Seattle, Port of Seattle, Tony and Michelle Audino, and Safeco infringed on Mr. Hoskins' copyright in 1998.  *Id*. at 24.

Plaintiff mentions being "at all times… mentally disable[d] with harsh mental disabilities."  *Id*. at 5.  Plaintiff states that he was "officially declared mentally disable (sic) on November 12, 2012…. [with] previous severe damage from the 1970's."  *Id*. at 20.

### III.   DISCUSSION

#### A.  Legal Standard

Pursuant to Rule 15(a)(2), a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2).  Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment.  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).  In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party.   *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, Plaintiff's claims must be dismissed. *Id*. at 570.

**B.  Motion to Amend**

The Court has reviewed Mr. Hoskins' Motion and finds he is essentially requesting to amend his Complaint to attach exhibits. *See* Dkt. #9-1 at 4-10. Defendants generally do not oppose this Motion to Amend, and bring their Motions to Dismiss as if the Court had already allowed amendment. *See* Dkt. #16 at 2 n.1; Dkt. #23 at 2 n.1; Dkt. #30 at 3 n.1; Dkt. #36 at 2 n.1; Dkt. #41 at 2 n.1. Therefore the Court will grant Mr. Hoskins' Motion and consider Defendants' Motions as currently drafted without requiring Defendants to refile.

**C.  CenturyLink and Qwest's Motion to Dismiss**

Defendants CenturyLink and Qwest move to dismiss Mr. Hoskins' Complaint and Amended Complaint pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(2), and 12(b)(6). Dkt. #16. The Court will first address these Defendants' arguments under Rule 12(b)(6).

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DEFENDANTS' MOTIONS TO DISMISS - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.  ***Res Judicata***

"Res judicata applies when 'the earlier suit . . . (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'" *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidju v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)). If those elements are met, *res judicata* "'bars all grounds for recovery that could have been asserted, whether they were or not, in [the] prior suit . . . .'" *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 528-29 (9th Cir. 1998) (quoting *In re Int'l Nutronics*, 28 F.3d 965, 969 (9th Cir. 1994)) (emphasis in original).

Defendants argue that Mr. Hoskins' claims are barred by *res judicata*, having been dismissed on the merits in two prior cases filed in the United States District Court for the District of Oregon, *Hoskins v. US West Inc., et al.*, No. 3:97-CV-00323 ("First Case"), and *Hoskins v. FCC*, Civ. No. 98-1345-AA ("Second Case"). Dkt. #16 at 2-4. Defendants argue that the Court can consider these prior cases at this stage because these cases are a matter of public record and because Mr. Hoskins has effectively incorporated the First Case into his Complaint by mentioning it repeatedly. *Id.* at 5 n. 2. Defendants argue that "many of the claims Mr. Hoskins asserts are identical in name to those he asserted in the First Case." *Id.* at 5. (citing Dkt. #16-1 at 2, 4, 6, 7, 11, 12, 14-18 (asserting civil rights and Communications Act claims for allegedly using "telephony technology" to "trick or fool the plaintiff" and his caller identification system, resulting in the failure of his tile business, "[i]ncluding such products as 'Parallel Pathways'") and Dkt. #1 at 74-81, 85-96). Defendants argue that the Second Case was dismissed because it was virtually identical to the First Case, citing Dkt. #16-2. *Id.* at 6. Defendants argue that "regardless of nomenclature, by Mr. Hoskins's own admission, all of his

claims arise from the same nucleus of facts and address the same rights and interests as those in the First and Second Cases—telephone calls in the 1990s that allegedly caused his distress and the loss of his business, wife, and children, and therefore could have been asserted in the First and Second Cases." *Id.* Defendants argue that:

> Mr. Hoskins's assertions that there was a 'spoofing' conspiracy in the First Case, that others have violated his tile copyright from the loss of his business in the 1990s, and that his mental instability has worsened, do not make the substance of his complaints different. The source of his alleged loss—the telephone calls—remains the same, and future losses owed US West that stemmed from those calls were available to him and claimed in the First Case.

*Id.* (citing Dkt. #16-1 at 7-8). Defendants argue that Mr. Hoskins' claims in the First and Second Cases were dismissed with prejudice, and that his attempted appeals were dismissed as well. Dkt. #16 at 7-8 (citing Dkts. #16-5, #16-6, #16-2; #16-7; #16-8; and #16-9). Defendants argue that the party in the prior cases, US West, is in privity with CenturyLink and Qwest. *Id.* at 8 (citing Dkt. #16-10; *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (describing privity tests for *res judicata*); *In re Imperial Corp. of Am.*, 92 F.3d 1503, 1507 (9th Cir. 1996) (noting privity between parent and subsidiaries for res judicata)). Defendants point out that Mr. Hoskins appears to admit there is privity. *Id.* (citing Dkt. #1 at 13 (alleging that he filed his 1997 suit "against Qwest")). Defendants argue that Mr. Hoskins' Complaint "is little more than another improper attempt to appeal the dismissal and fairness of the First Case." *Id.* at 9 (citing Dkt. #1 at 47) (alleging that, "had the judicial process played fairly [in 1997] . . . the plaintiff would had a different outcome and this truth now must go forth to the America people and a jury").

In Response, Mr. Hoskins argues that this case "is not CV97-323AS," and that "the pervious offensive action of the illegal use of Qwest spoofing technology by the defendants in CV-97-323AS has led to a continuation of ongoing deprivation as if the actual harm was as of

yesterday to the plaintiff… and all of the defendants are to be held liable…"  Dkt. #32 at 3.
Mr. Hoskins acknowledges that the First Case was "dismissed with prejudice."  *Id.*

On Reply, Defendants argue that Mr. Hoskins "makes no attempt to argue that the First
Case and the instant Complaint involve different claims or causes of action, or that the parties
are not identical," and that Plaintiff's claims are thus barred by *res judicata*.  Dkt. #38 at 3.

The Court notes that Mr. Hoskins has filed a "further Reply" after Defendants' Reply.
*See* Dkt. #42.  This Court's Local Rules do not allow parties to continue to file briefs in
perpetuity.  A surreply may only be filed to strike material contained in the Reply.  *See* Local
Rule 7(g).  The Court finds Mr. Hoskins' "further Reply" violates this Court's Local Rules, and
it will not be considered by the Court.

As an initial matter, the Court finds CenturyLink and Qwest's Motion applies only to
Mr. Hoskins' claims against CenturyLink and Qwest.  The Court agrees with Defendants—Mr.
Hoskins' claims against CenturyLink and Qwest involve the same nexus of facts and causes of
action as the First Case and Second Case, which were dismissed with prejudice, and which
included a party in privity with these Defendants.  Under *res judicata*, these claims are barred.
*See Mpoyo, supra.*  It is irrelevant that Mr. Hoskins claims continuing harm from the acts at
issue in the prior cases, because future damages were available to Mr. Hoskins at the time, and
*res judicata* "'bars all grounds for recovery that could have been asserted, whether they were or
not, in [the] prior suit.'"  *Siegel, supra.*  Based solely on *res judicata*, Plaintiffs claims against
CenturyLink and Qwest are properly dismissed with prejudice.

### 2.  Statute of Limitations

Defendants also argue that all of Mr. Hoskins' claims are time-barred.  Defendants
argue that the statutes of limitations expired for Mr. Hoskins' claims no later than three or four

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DEFENDANTS' MOTIONS TO
DISMISS - 7

years after 1997.   Dkt. #16 at 9 (citing 17 U.S.C. § 507(b) (three years for copyright infringement); *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) (four years for civil RICO); *Day v. Florida*, Nos. 14-cv-367RSM, -369RSM, -377RSM, -378RSM, -379RSM, -380RSM, -381RSM, 2014 WL 1412302, *8 (W.D. Wash. Apr. 10, 2014) (three years for 42 U.S.C. §§ 1983 & 1985); *Ramirez v. Hart*, No. C13-5873 RJB, 2014 WL 2170376, *8 (W.D. Wash., May 23, 2014) (three years for ADA)).

In Response, Mr. Hoskins argues that "the harm of fraud and theft is ongoing daily; there is no 'statute of limitations to harm' that was done yesterday and today and the next day and where the defendants continue to benefit from such harm to the plaintiff."   Dkt. #32 at 5. Mr. Hoskins argues that he is "mentally trapped in the 'year' 1997."   *Id.* at 6.   Mr. Hoskins argues that "this federal case is not going to go away and any technicality the defendants can rely on is moot at this point in time and the case is timeless…"   *Id.* at 7.

On Reply, Defendants argue that Mr. Hoskins assertion that there are no applicable statutes of limitation is made without legal basis.   Dkt. # 38 at 4.

The Court agrees with Defendants.   The Court has thoroughly reviewed Mr. Hoskins' Complaint and Amended Complaint.   Although Plaintiff has argued that he suffers from mental disability, the record is clear that he has been able to set forth the nature of his claims in this and previous litigation.   Under any possible interpretation, drawing all inferences in favor of Plaintiff, the statute of limitations ran on all of Mr. Hoskins' claims well over a decade ago. Mr. Hoskins does not allege new independent actions of Defendants, nor any valid reason to toll his claims for twenty years given that he has since filed previous litigation on these exact issues.   On the timeliness issue alone, all of Mr. Hoskins' claims against all Defendants are properly dismissed in their entirety.

Having found Defendants' arguments under Rule 12(b)(6) dispositive, the Court need not address Defendants' arguments for dismissal under Rules 9(b) or 12(b)(2).

### 3.   Appointment of a Guardian Ad Litem

Defendants also argue that the Court should appoint Mr. Hoskins a guardian ad litem under Rule 17(c)(2).  *See* Dkt. #16 at 4-5.  The Court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).  Having found that Plaintiff's claims are properly dismissed in their entirety and that they cannot possibly be cured by amendment, *see supra* and *infra,* the Court determines that this action cannot go forward regardless of the appointment of a guardian ad litem, and will decline to make such an appointment at this time.

### D.  City of Seattle's Motion to Dismiss

The City of Seattle moves to dismiss claims against it under Rule 12(b)(6) arguing that Plaintiff's copyright infringement claims are invalid because copyright law protects works expressed in a tangible medium, not ideas; Plaintiff's RICO, Discrimination, and ADA claims are conclusory and fail to meet the *Twombly* standard; and because FOIA does not apply to the City of Seattle.  Dkt. #23 at 5-7 (citing 17 U.S.C. §102(b) ("In no case does copyright protect[t] ... any idea..."); *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 556-57, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985); *Golan v. Holder*, 132 S.Ct. 873, 890, 181 L.Ed.2d 835 (2012) (recognizing the "idea/expression dichotomy" in copyright law); 18 Am. Jur. 2d Copyright §21 (2004) ("Copyright law only protects the original expression of ideas, not the ideas themselves; the concepts underlying expression, however ingenious, remain free for anyone's taking."); *Twombly, supra*; 5 U.S.C. §551(1) (setting forth the scope of FOIA)).  Other than arguing the above, the City of Seattle states that Mr. Hoskins' Complaint is

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DEFENDANTS' MOTIONS TO DISMISS - 9

"incomprehensible" and refers the Court back to CenturyLink and Qwest's Motion to Dismiss for "a more robust discussion of the specific claims in the Complaint." Dkt. #23 at 4 n.5.

In Response, Mr. Hoskins attacks the City of Seattle's interpretation of his Complaint, and raises tangential accusations of conspiracies against him. *See* Dkt. #31. Mr. Hoskins fails to substantively respond to the above legal arguments. The City of Seattle did not file a Reply.

The Court agrees with the City of Seattle that Mr. Hoskins' claims of copyright infringement fail to state a claim upon which relief can be granted because the Parallel Pathways project and any other alleged copyrighted material are described as an idea or ideas that were stolen rather than something expressed in a tangible medium. The Court further agrees that Mr. Hoskins' RICO, Discrimination, and ADA claims against the City of Seattle are conclusory and fail to meet the *Twombly/Iqbal* standard, and that FOIA does not apply to the City of Seattle. While these deficiencies could potentially be cured by amendment, the Court finds that dismissal with prejudice of all claims against the City of Seattle is warranted given the above ruling regarding the statute of limitations. *See* Section III.C.2, *supra*.

**E. Liberty Mutual and Safeco's Motion to Dismiss**

Defendants Liberty Mutual Insurance Company and Safeco Insurance argue that Plaintiff's Complaint "states that the defendants' actions allegedly occurred sometime in 1998, thus the applicable statutes of limitations for all claims alleged against Safeco and Liberty expired long ago, by no later than December 2002, nearly fourteen years ago." Dkt. #30 at 2. Defendants also argue that Plaintiff's claims fail to meet the *Twombly/Iqbal* standard. *Id*. Defendants argue that "[d]espite the fact that Plaintiff's Complaint is over 100 pages, there are no facts alleged that give any description of how Safeco and Liberty violated Plaintiff's claimed copyright or to support any other cause of action against Safeco and Liberty," and that

1
2
3
4
5
6
7

the only facts contained in Plaintiff's Complaint that refer to Safeco "allude to a request made to Safeco in 2013 to donate to Plaintiff's 'Parallel Pathways,' and Safeco's declination of that request." *Id.* at 3 (citing Dkt. #1 at 96).  Defendants cite to the same law on applicable statutes of limitation as cited by CenturyLink and Qwest.  *See* Dkt. #30 at 4-5.  Defendants argue that "Plaintiff's claims for conduct that occurred between 19 and 22 years ago are clearly time-barred and no tolling based on his incompetence can resuscitate them."  *Id.* at 5.

8
9
10
11
12
13

In Response, Mr. Hoskins speaks at length about other Defendants and other issues not raised in Liberty Mutual and Safeco's Motion, and raises tangential accusations of conspiracies against him.  *See* Dkt. #33.  Mr. Hoskins repeats again that a letter was sent to Safeco in 2013, but fails to explain how this would affect the statute of limitations.  Mr. Hoskins fails to substantively respond to the above legal arguments.

14
15
16
17
18

On Reply, Liberty Mutual and Safeco argue, *inter alia*, that Plaintiff does not respond to or otherwise rebut the application of the statutes of limitation to bar his claims against Safeco and Liberty, and fails to set forth any basis to toll or otherwise disregard the applicable statutes of limitation for all of his causes of action.  Dkt. #40 at 2.

19
20
21
22
23
24

The Court agrees that Mr. Hoskins' claims against Liberty Mutual and Safeco are conclusory and fail to meet the *Twombly/Iqbal* standard.  While these deficiencies could potentially be cured by amendment, the Court finds that dismissal with prejudice of all claims against Liberty Mutual and Safeco is warranted given the above ruling regarding the statute of limitations and the arguments of these Defendants as to the same.  *See* Section III.C.2, *supra*.

25

**F.  Port of Seattle's Motion to Dismiss**

26
27
28

"To avoid redundancy, and to save time and resources for the Court and all Parties, the Port of Seattle incorporates the legal authority and arguments set forth in the motions to dismiss

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

already on file." Dkt. #36 at 3.  The Port of Seattle argues that Plaintiff's Complaint fails to meet the *Twombly/Iqbal* standard and that his Amended Complaint fails to correct this failing. *Id.* at 3-5.

In Response, Mr. Hoskins repeats the same arguments as raised in his many prior filings.  Mr. Hoskins argues that the Port of Seattle "had access" to the "plaintiff copyright work" and that the Port of Seattle "openly participated in theft and had knowledge, and outright sponsored the theft," which took place in 1998.  Dkt. #39 at 3.  Mr. Hoskins tangentially discusses Defendant Qwest, spoofing, and the FCC.  *Id.* at 5.  Mr. Hoskins erroneously argues that the Port of Seattle has defaulted in this matter.  *Id.* at 6.  Mr. Hoskins generally discusses conspiracies involving Defendants other than the Port of Seattle.

The Court agrees that Mr. Hoskins' claims against the Port of Seattle are conclusory and fail to meet the *Twombly/Iqbal* standard.  While these deficiencies could potentially be cured by amendment, the Court finds that dismissal with prejudice of all claims against the Port of Seattle is warranted given the above ruling regarding the statute of limitations.  *See* Section III.C.2, *supra*.

**G.  Madison Marquette and Pacific Place's Motion to Dismiss**

Defendants Pacific Place and Madison Marquette ("the Madison Marquette Defendants") argue that Mr. Hoskins' claims against them should be dismissed with prejudice because they are "untimely, and, ultimately, each claim fails to state claim upon which relief can be granted," and "because any subsequent amendment would be futile."  Dkt. #41 at 3. Defendants argue that "Mr. Hoskins's claims against the Madison Marquette Defendants arise from an 1998 event at Pacific Place, a downtown Seattle shopping center owned by Madison Marquette. There, Defendant Larry Sagen, director of the nonprofit Youth Wall of Fame

organization, unveiled the 1998 Wall of Fame, a display of tiles etched with a different young person's name and decorated with a drawing, poem, or proverb representing that child. *Id.* at 2 (citing Dkt. #1, Ex. 2).   Defendants "join in and incorporate by reference the statute of limitations arguments made by the Qwest Defendants and Safeco and Liberty Defendants." *Id.* Defendants argue that "[e]ven assuming Mr. Hoskins has sufficiently alleged ownership of a valid copyright, his infringement claim fails because he does not sufficiently allege that the Madison Marquette Defendants infringed his work…. Mr. Hoskins merely alleges that they displayed it." *Id.* at 5-6.   Defendants also argue:

> Also lacking are plausible factual allegations to show the works are sufficiently similar. As illustrated by the attachments to Mr. Hoskins's Amended Complaint, the Parallel Pathways tile project and 1998 Wall of Fame share little similarity, aside from the fact that they both use decorated tile containing inspirational messages involving children. *See* Dkt. No. 1, Exs. 1, 2. But there is nothing unique about such a display. *See, e.g., Seidman v. Paradise Valley Unified Sch. Dist. No. 69*, 327 F. Supp. 2d 1098, 1104 (D. Ariz. 2004) (case involving tiles inscribed with personalized messages hanging on an elementary school hallway walls); Dkt. No. 23, p. 6 n.6 (City of Seattle's brief describing a children's tile project commemorating the Holocaust); *see also Fleming v. Jefferson Cty. Sch. Dist. R-1*, 298 F.3d 918, 920 (10th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Aug. 16, 2002) (case involving abstract artwork on 4-inch-by-4-inch tiles that would be glazed, fired, and installed above the molding throughout the halls of a school). Nor are general thematic concepts, such as the use of decorated tiles containing inspirational messages or involving children, protectable. *See, e.g., Coble*, 2012 WL 503860, at *4 (recognizing that broad themes, like "the general plot idea of a mother giving orders" are not protectable). In sum, Mr. Hoskins identifies no specific, protected elements that would demonstrate substantial similarity sufficient to make out a claim for copyright infringement. The failure to do so is fatal to his claim.

*Id.* at 6-7.   Defendants argue Mr. Hoskins remaining claims against them also fail under law. *Id.* at 7-12 (citing, *inter alia*, *Metro–Goldwyn–Mayer Studios, Inc. v. Grokster Ltd.*, 380 F.3d 1154, 1160 (9th Cir. 2004), *reversed on other grounds*, 545 U.S. 913 (2005) (setting forth

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DEFENDANTS' MOTIONS TO DISMISS - 13

standard for contributory copyright infringement); *Smith v. Jackson*, 84 F.3d 1213, 1216 (9th Cir. 1996) ("copyright infringement is not a RICO predicate act")).  Defendants argue that the Court should dismiss Mr. Hoskins' claims with prejudice, because Mr. Hoskins's claims "are untimely and lack merit," because "Mr. Hoskins cannot cure these deficiencies by amendment," and because "he has already attempted to amend his Complaint once to no avail." *Id*. at 12.  Defendants argue that "[p]ermitting him to proceed against the Madison Marquette Defendants in these circumstances would waste this Court's valuable time and resources, require the Defendants to incur additional expense defending against meritless claims, and, ultimately, will not provide Mr. Hoskins with the help he appears to need."  *Id*.

In Response, Mr. Hoskins repeats the same arguments as raised in his many prior filings and generally discusses conspiracies involving Defendants other than Pacific Place or Madison Marquette, *e.g.* Mr. Hoskins tangentially discusses Defendant Qwest and spoofing technology. Dkt. #43 at 3-4.  Mr. Hoskins argues that he is the creator of Parallel Pathways and therefore has "a viable means for financial redress under Copyright Law."  *Id*.  Mr. Hoskins argues that "on February 26, 1997; (sic) Andre Hoskins had a legal right to petition to a Federal Court and this filing of lawsuit and all lawsuits addresses Andre Hoskins (sic) right to petition by the filing…"  *Id*. at 4.  Mr. Hoskins argues that Defendants "duplicated the written expression of an idea of the protected intellectual property of Andre Hoskins," however Mr. Hoskins conveys this argument without any evidence or detail; to the contrary he appears to argue that the entire United States' population duplicated his written expression of this idea.  *Id.* at 5.  Mr. Hoskins fails to address Defendants' specific arguments against copyright infringement above, and fails to respond to the statute of limitations argument.

The Court agrees that Mr. Hoskins' claims against Pacific Place and Madison Marquette are conclusory and fail to meet the *Twombly*/*Iqbal* standard.  While these deficiencies could potentially be cured by amendment, the Court finds that dismissal with prejudice of all claims against Pacific Place and Madison Marquette is warranted given the above ruling regarding the statute of limitations.  *See* Section III.C.2, *supra*.

**H. Claims against the Remaining Defendants**

The Court notes that there are several remaining Defendants in this case who have not filed a Motion to Dismiss, or even a notice of appearance.  The Court finds that dismissal with prejudice of all claims against the remaining Defendants is warranted given the above rulings regarding *res judicata* the statute of limitations.  *See* Sections III.C.1 and III.C.2, *supra*.

**I. Leave to Amend**

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  The Court finds that the factual deficiencies identified above cannot possibly be cured and will dismiss this case with prejudice.

## IV.    CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's Motion to Amend Complaint (Dkt. #9) is GRANTED.  Plaintiff's Proposed Amended Complaint is considered an appendix to his original Complaint.

2) The Motions to Dismiss filed by Defendants CenturyLink Inc. and Qwest Communications International Inc. (Dkt. #16),  Defendant City of Seattle (Dkt.

#23), Defendants Liberty Mutual Insurance Company and Safeco Insurance (Dkt. #30), Defendant Port of Seattle (Dkt. #36), and Defendants Madison Marquette and Pacific Place (Dkt. #41) are GRANTED.

3) Plaintiff's claims are DISMISSED with prejudice.

4) This case is CLOSED.

5) The Clerk shall send a copy of this Order to Plaintiff at 4709 46th Avenue South, Seattle, WA 98118.

DATED this 18 day of October, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE